UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

AARON PRICE,

        Plaintiff(s),

v.

RON JAEGER, et al.,

        Defendant(s).

2:12-CV-733 JCM (PAL)

**ORDER**

Presently before the court is defendants'[1] motion to dismiss. (Doc. # 12). Plaintiff has not filed a response even though the deadline date has passed.

Also before the court is defendants' motion requesting this court rule on their motion to dismiss. (Doc. # 24).

Previously, plaintiff filed a motion to extend time to file a response to the motion to dismiss. This court granted plaintiff an additional 45 days because of his prisoner status. Plaintiff's additional 45 days have elapsed. Defendants, in lieu of filing a notice of non-opposition, filed a motion requesting this court grant their motion to dismiss pursuant to local rule 7-2(d).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the

---

[1] There are approximately 17 defendants.

**James C. Mahan**
**U.S. District Judge**

1  line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S.
2  at 557). However, where there are well pled factual allegations, the court should assume their
3  veracity and determine if they give rise to relief. *Id.* at 1950.
4      Pursuant to Local Rule 7-2(d), an opposing party's failure to file a timely response to any
5  motion constitutes the party's consent to the granting of the motion and is proper grounds for
6  dismissal. *U.S. v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979). However, prior to dismissal, the
7  district court is required to weigh several factors: "(1) the public's interest in expeditious resolution
8  of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)
9  the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic
10 sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *Henderson v. Duncan*, 779 F.2d
11 1421, 1423 (9th Cir. 1986)).
12     In light of the plaintiff's failure to respond and weighing the factors identified in *Ghazali*,
13 the court finds dismissal appropriate.
14     Accordingly,
15     IT IS HEREBY ORDERED, ADJUDGED, DECREED that defendants' motion to dismiss
16 (doc. # 12) be, and the same hereby, is GRANTED.
17     IT IS FURTHER ORDERED that defendants' motion requesting this court rule on their
18 motion to dismiss (doc. # 24) be, and the same hereby, is GRANTED.
19     IT IS FURTHER ORDERED that the plaintiff's complaint be dismissed without prejudice.
20 The clerk of the court shall enter judgment and close the case.
21     DATED May 6, 2013.

                                                        UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**